# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| ELIJAH FLANAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| VS. | ) | Judge |
| | ) | Magistrate Judge |
| WILLIAMSON COUNTY, TENNESSEE, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

For his Complaint against defendant Williamson County, Tennessee, plaintiff states:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Shelbyville, Bedford County, Tennessee, and a former employee of defendant at the Williamson County Sheriff's Office.

2. Defendant is a Tennessee county operating a Sheriff's Office located at 408 Century Court, Franklin, Tennessee 37064. Defendant may be served with process through the county mayor, Rogers Anderson, 1320 West Main Street, Suite 125, Franklin, Tennessee 37064. At all times material hereto, defendant employed more than 15 employees.

## JURISDICTION AND VENUE

3. This is an action for damages and equitable relief for unlawful employment practices brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. ¶ 12101, *et seq.* The Court has jurisdiction under 28 U.S.C. § 1331.

4. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a notice of right to sue dated December 7, 2023.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because the acts giving rise to this Complaint occurred in an area embraced within the Nashville Division of the Middle District of Tennessee.

## FACTUAL AVERMENTS

6. On or about February, 2022, plaintiff became employed with defendant as a court services officer.

7. Plaintiff suffers from a disability that prohibits him from wearing a ballistics vest under his uniform shirt.

8. As a result of his disability, plaintiff requested and provided medical documentation for a reasonable accommodation of wearing an exterior ballistics vest outside of his uniform shirt.

9. Defendant informed plaintiff that it would accommodate his disability and would order an exterior ballistics vest, but it failed to do so.

10. Defendant's refusal to provide plaintiff with an exterior ballistics vest placed him in danger of physical harm.

11. As a result of defendant's refusal to provide plaintiff with an exterior ballistics vest and the risk of harm the refusal created to plaintiff, plaintiff left his employment with defendant in January, 2023.

12. In or about September, 2023, plaintiff learned that one of his supervisors with defendant was disparaging his character and work ethic to current co-workers of plaintiff.

13. Defendant refused to accommodate plaintiff's disability and retaliated against him for requesting an accommodation causing plaintiff's constructive discharge.

14. As a direct result of defendant's actions, plaintiff has suffered damages.

15. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred.

16. As a result of its actions, defendant is liable for plaintiff's attorneys' fees.

**Claim for Violation of the Americans With Disabilities Act**

17. Plaintiff is an "employee" of defendant within the meaning of the ADA, 42 U.S.C. § 12111(4).

18. Defendant is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5)(A).

19. Plaintiff suffers from a skin disorder that prohibited him from wearing a ballistics vest under his uniform shirt, and plaintiff's disorder is a disability within the meaning of the ADA, 42 U.S.C. § 12102(4)(A)&(B).

20. Plaintiff is a "qualified individual with a disability" within the meaning of the ADA, 42 U.S.C. § 12111(8).

21. Plaintiff's requested accommodation (exterior ballistics vest) is a "reasonable accommodation" within the meaning of the ADA, 42 U.S.C. § 12111(9).

22. Defendant discriminated against plaintiff as a result of his disability and refused to reasonably accommodate his disability and instead placed him at risk of harm, retaliated against him and constructively discharged plaintiff from his job, all in violation of the ADA.

23. Plaintiff was capable of performing the essential functions of his job with a reasonable accommodation.

24. The actions of defendant were in reckless indifference to plaintiff's rights.

25. As a result of defendant's actions, plaintiff has suffered damage.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. A jury trial and entry of judgment in his favor;

2. Reinstatement with accommodation or front pay in lieu of reinstatement;

3. Compensatory damages for lost wages, earnings and benefits, embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Attorneys' fees and expenses;

5. Prejudgment interest and, if applicable, post judgment interest; and

6. Such other legal or equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Kerry E. Knox
Kerry E. Knox (TN BPR No. 23302)
117 South Academy Street
Murfreesboro, Tennessee 37130
(615) 896-1000


/s/ Stephen W. Grace
Stephen W. Grace, (TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorneys for Plaintiff